# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 27, 2012

143563 & (11)

IN RE EXECUTIVE MESSAGE OF THE
GOVERNOR

(BROWN et al. v RICHARD D. SNYDER,        SC: 143563
GOVERNOR, and ANDREW DILLON,
TREASURER)
_____/

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

On order of the Court, the motion for leave to file brief amicus curiae is GRANTED. The Executive Message remains under consideration.

CAVANAGH and MARILYN KELLY, JJ., would decline the request for certification of the Executive Message.

MARKMAN, J. (*dissenting*).

I respectfully dissent. I do not know what the majority intends when it states that "[t]he Executive Message remains under consideration." "Under consideration" for what? "Under consideration" until when? A lawsuit was filed in the Ingham Circuit Court in June of last year; the Governor then filed an Executive Message in August requesting that this Court direct the Circuit Court to "certify" certain constitutional questions for the consideration of this Court; briefs were filed in support of, and in opposition to, such certification; this Court then directed the parties to file briefs addressing the substantive questions raised by the Executive Message; and, in December of last year, the parties filed such briefs. What then requires that this matter "remain under consideration"?

If, as plaintiffs believe, the Local Government and School District Fiscal Accountability Act, 2011 PA 4, authorizing emergency managers, is in violation of as many as nine provisions of our Constitution, implicating what plaintiffs view as our "citizens' inherent right to vote for local officials," it seems imperative to me that all or part of this law be enjoined as soon as possible. If, on the other hand, as defendants believe, the act is not only constitutional, but essential in maintaining the "financial

integrity" of the state and its localities, it again seems imperative to me that the authority conferred by the act be affirmed as soon as possible.  In either case, it is time that this case no longer "remain under consideration" but be "considered and resolved."

Furthermore, just as I have previously argued that this Court owes an obligation of comity to federal courts seeking to invoke our authority to certify questions of Michigan law, *In re Certified Question from the United States Court of Appeals for the Sixth Circuit*, 472 Mich 1225, 1231 (2005) (MARKMAN, J., dissenting), I also believe that we owe an obligation of comity to the chief executive authority of this state when it seeks to invoke our authority to certify questions of Michigan law in order to expedite the consideration of a case by showing that the case involves a "controlling question of public law, and the question is of such public moment as to require early determination . . . ."  MCR 7.305(A)(1).  The certification of federal questions ensures that the most significant issues of Michigan law are decided by Michigan courts, and the certification of state questions ensures that such questions will be resolved by the state's highest court in as expeditious a manner as possible.

Because I believe that the constitutional questions identified in this case satisfy the certification requirements of MCR 7.305(A)(1), I would grant the request to certify and schedule oral arguments so that these questions can be resolved as soon as reasonably possible.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 27, 2012

Clerk

t0124